Filed 3/18/14  P.v. McGee CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059550 |
| v. | (Super.Ct.No. FSB900485) |
| ANTHONY ALAN MCGEE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Anthony Alan McGee appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

## I

## BACKGROUND

On April 21, 2009, a jury found defendant guilty of one count of inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)) and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).  The jury also found true that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for forcible rape (§ 261, subd. (a)(2)) and forcible oral copulation on a child under the age of 14 (§ 288a, subd. (c)), two prior serious felony convictions (§ 667, subd. (a)) for forcible rape and oral copulation, and one prior prison term (§ 667.5, subd. (b)).  On September 9, 2010, the trial court sentenced defendant to a total term of 26 years to life in state prison with credit for time served.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act.  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If the trial court

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7." (§ 1170.126, subd. (e)(1).)

On March 29, 2013, defendant filed a petition for resentencing under section 1170.126. The trial court denied the petition on August 20, 2013, finding defendant ineligible for resentencing under section 1170.126 due to his prior convictions for forcible rape and forcible oral copulation of a child under the age of 14, which are sexually violent offenses under Welfare and Institutions Code section 6600. Defendant filed a timely notice of appeal.[2]

---

[2] We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, the appellate court expressed that when a trial court must

*[footnote continued on next page]*

II

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Proposition 36 added section 1170.126, which applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of [s]ection 667 or paragraph (2) of subdivision (c) of [s]ection 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of the enumerated

---

*[footnote continued from previous page]*
determine whether the prior convictions qualify under the resentencing provision, such issue is appealable. We will review defendant's appeal.

4

factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(3), provides that an inmate is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of [s]ection 1170.12." Defendant here has prior convictions for forcible rape (§ 261, subd. (a)(2)) and forcible oral copulation of a child under the age of 14 (§ 288a, subd. (c)), which are sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b), as well as offenses listed in sections 667, subdivision (e)(C)(iv)(I), and 1170.12, subdivision (c)(C)(iv)(I). Defendant is therefore ineligible for resentencing under section 1170.126.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

5

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>
P. J.

We concur:

<u>MILLER</u>
J.

<u>CODRINGTON</u>
J.

6